NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
FORT WORTH
AUSTIN

DuaneMorris®

*FIRM and AFFILIATE OFFICES*

KATHLEEN O'MALLEY
PARTNER
DIRECT DIAL: +1 856 874 4214
PERSONAL FAX: +1 609 228 5873
*E-MAIL:* komalley@duanemorris.com

*www.duanemorris.com*

HANOI
HO CHI MINH CITY
SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NORTH JERSEY
LAS VEGAS
SOUTH JERSEY
SYDNEY
MYANMAR

ALLIANCES IN MEXICO

November 11, 2026

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
for the Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: Squarespace, Inc. v. Stephen Staffieri**
**Civil Action No. 26-CV-8831 (JMF)**

Dear Judge Furman:

On behalf of Petitioner, Squarespace, Inc. ("Squarespace" or the "Company"), please accept this letter in support of Squarespace's Motion to Allow for Alternate Service.

Pursuant to the Court's October 22, 2026 Order (ECF No. 12), Squarespace must file a certificate of service with the Court by Friday, November 13, 2026. Despite Squarespace's numerous and diligent efforts throughout the past month, Squarespace has been unable to effect service of process on Respondent, Stephen Staffieri ("Staffieri").

Staffieri is actively evading service of Squarespace's Petition to Compel Arbitration (ECF No. 1), even though he and his counsel have known of it since October 6, 2026, when Squarespace moved to stay his California Action (Case No. CGC-26-639592) on the ground that his claims must be arbitrated before JAMS in New York. *See* Affidavit of Reasonable Diligence ¶ 6, Ex. A. Since then, Staffieri's counsel has attached the Petition to his own sworn declaration in support of Staffieri's opposition to the Motion to Stay. Staffieri has also submitted his own sworn declaration in support of his Labor Code § 925 motion, and he is actively litigating both the Motion to Stay and the § 925 motion, which turn on this proceeding. Staffieri cites or attaches the SDNY Petition (Squarespace, Inc. v. Staffieri, No. 1:26-cv-08831-JMF (S.D.N.Y.), ECF No. 1) in at least ten filings across both California motions.

While acknowledging their awareness of the Petition to Compel Arbitration pending before this Court, Staffieri and his attorney, Michael Shaolian, Esquire, are unwilling to acknowledge service of the Summons, Petition with supporting papers, the Court's October 8, 2026 Order, the Individual Rules and Practices in Civil Cases for Your Honor, and the Individual Rules and Practices in Civil Cases for United States Magistrate Judge Ona T. Wang (the "Relevant Service Documents"). *See id.* On October 14, 2026, I asked Mr. Shaolian, who knew of the Petition and Relevant Service Documents, if he would acknowledge service on Staffieri's behalf. *See* Aff. ¶ 7. Mr. Shaolian did not respond to my email. *See id.* ¶ 8. Instead, on October 18, 2026, Mr. Shaolian emailed my colleagues, Katherine C. Huibonhoa, Esquire and Marco A. Garcia, Esquire (who are representing Squarespace in the California Action), that Staffieri had not authorized him to accept service.[1] *See* Aff. ¶ 8, Ex. B. Pursuant to F.R.C.P. 4(c) and (e), Squarespace engaged in diligent efforts to personally serve Staffieri at notable expense and used multiple process servers to no avail. *See* Aff. ¶¶ 6-12. Three separate firms collectively made twenty (20) attempts to personally serve Staffieri at his San Francisco residence, a possible business address, and a Palm Springs property he owns.

Between October 19, 2026 and November 4, 2026, process servers attempted service at varied times throughout the day and night, including surveillance and stakeouts, all of which are outlined in the Affidavit of Reasonable Diligence. *See* Aff. ¶ *9.* On October 21, 2026, Squarespace served physical copies of the Relevant Service Documents on Staffieri via Federal Express delivery, certified mail, return receipt requested and first-class mail, and sent electronic copies to his personal email address. *See id.* ¶ 10.

On October 29, 2026, in accordance with F.R.C.P. 4(e)(1), Squarespace sent Staffieri the Relevant Service Documents via Federal Express delivery and first-class mail and included two copies of the Notice and Acknowledgment of Receipt of Service of Process, along with a prepaid return envelope per California Code of Civil Procedure § 415.30. Staffieri has declined to acknowledge service as of the filing of this letter.

If Staffieri fails to acknowledge service by November 18, 2026, and consistent with the letter and spirit of both the federal and state rules of procedure, Squarespace respectfully requests that the Court order him to pay the fees Squarespace has incurred in connection with service, as such costs are due solely to Staffieri's continued efforts to stonewall Squarespace's enforcement of the arbitration agreement he signed at the outset of his employment, whereby he agreed to arbitrate his subject claims before JAMS in New York City. Staffieri should also bear the expense of any future costs Squarespace is forced to incur in connection with notice to Staffieri of the

---

[1] Squarespace did not send Staffieri a Waiver of Service of Summons in accordance with F.R.C.P. 4(d), since the initial briefing deadlines set by the Court were within the 60-day window for acceptance of a Waiver of Service of Summons (ECF No. 7).

Petition[2] – a Petition both he and his attorney have known about since October 6, 2026. *See* Aff. ¶ 6.

Squarespace made meaningful efforts and incurred considerable expense to serve Staffieri with notice of a Petition he already knew about. *See* Aff. ¶ 6, Ex. A. Given that Staffieri is a represented party in the California Action arising from his employment in New York, that he and his attorney have had knowledge for over a month now of the Petition pending in New York, and that Staffieri is actively litigating against Squarespace in the California Action while ignoring all communications related to the Petition, Squarespace respectfully requests that this Court enter an order allowing for alternate service by and through his attorney in the California matter, Michael Shaolin, Esquire, pursuant to CPLR 308(5). *See, e.g., Snyder v Alternate Energy Inc.*, 857 N.Y.S.2d 442, 446–47, 19 Misc. 3d 954, 959–60 (N.Y.C. Civ. Ct. 2008) (authorizing e-mail service under CPLR 308(5) upon showing of diligent service efforts). In the alternative, Squarespace respectfully requests that the Company be permitted by this Court to serve Staffieri by publication at Staffieri's expense should he fail to execute the Notice and Acknowledgment of Receipt of Service of Process by November 18, 2026.

We appreciate the Court's consideration of this request.

Respectfully submitted,

*/s/Kathleen O'Malley*
Kathleen O'Malley

KAO:klh

No later than November 13, 2026, at noon, Petitioner shall serve a copy of this endorsed letter on Mr. Shaolian by email. Any opposition to the motion for alternate service of the Petition and related papers shall then be filed, in the form of a letter not to exceed three pages, by November 16, 2026. In the event that no opposition is filed by that date, the motion for alternate service will be granted as unopposed. The Clerk of Court is directed to terminate ECF No. 15. SO ORDERED.

November 12, 2026

[2] F.R.C.P. 4(d)(2) provides that "[i]f a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses."